UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL PANNUNZIO, on behalf of himself  :
and other employees similarly situated,  :
                                         :
                         Plaintiff,      :    **COMPLAINT**
        -against-                        :
                                         :
                                         :    **FLSA COLLECTIVE ACTION**
                                         :
PSAV PRESENTATION INC. and AUDIO         :
VISUAL SERVICES GROUP, INC.              :
                                         :
                         Defendants.     :
-----------------------------------------------------------------X

Plaintiff MICHAEL N. PANNUNZIO, by and through his attorneys, on behalf of himself and all others similarly situated, alleges, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action, on behalf of himself and other employees similarly situated, against PSAV PRESENTATION INC. and AUDIO VISUAL SERVICES GROUP, INC., to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for himself and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiff also brings this action, on behalf of himself, to remedy violations of the New York State Labor Law ("NYLL"), including NYLL §§ 190 et seq., §§ 650 et seq., and 12 NYCRR § 142-2.2. Pursuant to the NYLL Plaintiff seeks, on behalf of himself, declaratory and

1

injunctive relief, unpaid wages, unpaid overtime, interest, reasonable attorneys' fees, liquidated damages and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper within this District, pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

5. Plaintiff MICHAEL PANNUNZIO resides in Richmond County in the State of New York. At all relevant times, Plaintiff was employed by Defendants as described herein, from May 2015 until May 2017, approximately.

6. Defendant PSAV PRESENTATION INC. is a New York Corporation with its registered address at 301 Park Avenue, New York, New York, 10022.

7. Defendant AUDIO VISUAL SERVICES GROUP, INC. is a Delaware Corporation licensed to do business in Illinois. Its registered address is 208 So Lasalle St., Suite 814, in Chicago, IL.

8. Defendant AUDIO VISUAL SERVICES GROUP, INC. issued Plaintiff's semi-monthly paycheck.

9. Defendant PSAV PRESENTATION INC. and Defendant AUDIO VISUAL SERVICES GROUP, INC. are collectively referred to herein as "Defendants".

10. Each of the Defendants individually grossed more than $500,000 in each of the last three calendar years.

11. At all times relevant hereto, Defendants employed employees, including Plaintiff and the FLSA Collective Action Members, who regularly were employed by Defendant's enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

6. At all times relevant hereto, Defendants each have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

7. At all times relevant hereto, each of the two Defendants have been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3).

8. At all times relevant hereto, Defendants have employed "employee[s]", including Plaintiff and each of the FLSA Collective Plaintiffs.

## FACTUAL ALLEGATIONS

12. Defendants work with various vendors, including hotels, resorts, and other venues and offer, *inter alia*, technical expertise to service on-site events, operate business centers, and

3

offer high-speed Internet, rigging or power distribution options, and other audiovisual services, inside hotels, resorts, and other venues.[1]

13. At all relevant times, Defendants primarily employed Plaintiff, and other employees similarly situated, as CNS High Speed Internet Access Managers ("High Speed Internet Access Managers"), to work on site on the properties of their vendors.

14. Each of the High Speed Internet Access Managers, including Plaintiff, was assigned to work at a specific vendor location(s).

15. For the vast majority of his employment, Defendants assigned Plaintiff to work at the St. Regis New York Hotel, located at 2 East 55th Street in Manhattan. From January 2017 through his termination in May 2017, Defendants also assigned Plaintiff to work at the Four Seasons Hotel New York located on 57 East 57th Street in Manhattan.

16. Both the St. Regis New York Hotel and the Four Seasons Hotel New York advertise to their customers that they offer "state of the art technology" and/or "an in-house audio visual company" to service their customers who wish to hold meetings, conferences, or similar events at their properties.

17. The primary duty of Plaintiff - and the other High Speed Internet Access Managers - was to set up and provide on-site technical support and customer service for the high speed internet access that Defendants provided to their vendors/customers.

18. Specifically, Plaintiff and the other High Speed Internet Access Managers were in charge of setting up and configuring the high speed internet services, setting up printers if needed, ensuring that nothing went wrong with the high speed internet services, assisting in the

---

[1] See: http://www.psav.com/hotel_services/. Accessed 5/24/2017.

hotel business centers, and assisting customers with accessing the high speed internet that Defendants provided to their vendors/customers.

19. In addition to his primary duties as a High Speed Internet Access Manager – on which he spent more than 75% to 90% of his work time - Plaintiff also had to perform the duties of an Assistant Director of Event Technology ("ADET"), which involved covering for the Director of Event Technology after hours or on holidays/weekends and assisting with (i) directing operations of technicians and delegating tasks to union employees, (ii) staff development and training.

20. Plaintiff and the other High Speed Internet Access Managers were not exempt employees under the FLSA and the NYLL and were entitled to be paid overtime for all hours worked in excess of 40 per week.

21. In an attempt to avoid paying them overtime, Defendants misclassified Plaintiff and the other High Speed Internet Access Managers as exempt employees.

22. Defendants paid Plaintiff an annual salary of $55,000.00 – that was intended to compensate him for forty (40) hours of work per week - in bi-weekly installments.

23. The biweekly paystubs that Defendants provided to Plaintiff state that Defendants paid Plaintiff at an hourly rate of $26.9282 per hour for eighty (80) hours of work during each two week pay period.

24. Throughout his employment with Defendants, Plaintiff - and the other High Speed Internet Access Managers - regularly worked well over forty (40) hours per week without being paid any overtime premiums.

25. Defendants regularly scheduled Plaintiff to work five (5) days– Monday through Friday – each week.

26. After his first few months of employment, Plaintiff regularly worked eleven and one half hours per day, or longer. He regularly arrived at work, and started working, between 6:30 and 6:45 AM and continued working until after 6:05 or 6:20 PM, or later.

27. Often during busy times Plaintiff worked until 8:30 or 9:00 PM, or later, thus working over fourteen hours (14) on those busy days. On one occasion, Plaintiff worked a 24 hour shift.

28. Plaintiff also regularly worked after hours and on weekends – when there were conferences or meetings – although he was usually given a "comp day" the following week as compensation for having worked a weekend day.

29. Plaintiff regularly worked through his lunch/meal breaks and was not allowed to, and did not, take uninterrupted meal breaks of at least 30 minutes each day.

30. Upon information and belief, the other High Speed Internet Access Managers who worked in New York also worked similar hours, almost always well in excess of 40 hours per week, without being paid any overtime premiums.

31. Defendants willfully failed to pay Plaintiff and the other High Speed Internet Access Managers at the rate of one and one half times their regular hourly wage for all hours worked in excess of forty in a workweek.

32. Defendants are aware or should have been aware that federal and state laws required them to pay Plaintiff and their other High Speed Internet Access Managers overtime premiums for all hours worked in excess of forty in a workweek.

33. Defendants failed to keep accurate and sufficient time records for Plaintiff and the other High Speed Internet Access Managers as required by Federal and State laws.

34. At all relevant times, Defendants failed to make, keep, and preserve records with respect to each of its High Speed Internet Access Managers sufficient to determine their wages, hours, and other conditions and practices of employment in violation, of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

35. Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each of Plaintiff and the other High Speed Internet Access Managers.

36. At all relevant times, Defendants failed to post and/or keep posted a notice explaining the overtime pay rights provided by the FLSA, in violation of 29 C.F.R.§ 516.4.

37. At all relevant times, Defendants failed to post and/or keep posted "a notice issued by the Department of Labor summarizing minimum wage provisions", in violation of 12 N.Y.C.R.R. §142-2.8.

38. Defendants' record keeping and notice violations prevented Plaintiff and the other High Speed Internet Access Managers from knowing their legal rights and from figuring out exactly how many hours they were not compensated for.

39. Upon information and belief, Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and the other High Speed Internet Access Managers were not paid overtime premiums for all hours worked in excess of 40 hours in a week.

40. Upon information and belief, Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiff and the other Consultants, and that it violated the FLSA and the NYLL.

41. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff and the other High Speed Internet Access Managers.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings the First Cause of Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants at any time as High Speed Internet Access Managers (as defined in ¶13 above) during the three years prior to the filing of the original Complaint in this case as defined herein. All of said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

43. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

44. Other High Speed Internet Access Managers currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other High Speed Internet Access Managers with notice of the action and allow them to opt in to such an action if they so choose.

45. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this

action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff**
**on Behalf of Himself and the FLSA Collective Action Members)**

46. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

47. During the FLSA Collective Period, Plaintiff and others similarly situated were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

48. During the FLSA Collective Period, Plaintiff and others similarly situated were employed by Defendants' enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207.

49. During the FLSA Collective Period, Defendants have been, and continue to be, "employers" and/or joint employers engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

50. During the FLSA Collective Period, Defendants' businesses have had annual gross revenues well in excess of $500,000.

51. Plaintiff consented in writing to be a party to this action pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference herein.

52. Defendants were required to properly pay Plaintiff and others similarly situated overtime wages at the rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours in a workweek.

9

53. During the FLSA Collective Period, Defendants violated the FLSA by developing a standard business practice of failing to pay overtime premiums to Plaintiff and the FLSA Collective Action Members and thereby violating the overtime requirements of the FLSA.

54. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff and others similarly situated for all hours worked and failing to pay Plaintiff and others similarly situated overtime at not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and (e) and § 215(a).

55. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

56. As a result of Defendants' violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied pay for all of their hours worked and by being denied overtime wages in amounts to be determined at trial and are entitled to recovery of such amounts, an equal additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**(Failure to Pay Wages and Overtime Wages – NYLL,
Brought by Plaintiff on Behalf of Himself)**

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

58. During his employment with Defendants, Plaintiff was an "employee" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

59. During Plaintiff's employment with Defendants, Defendants were employers within the meaning of N.Y. Lab. Law § 650(6).

60. Defendants failed to pay Plaintiff overtime wages of not less than one and one-half times his regularly hour rate for each hour worked in excess of forty hours in a workweek in violation of the N.Y. Lab. Law, Article 19, §650, *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, §142-2.2.

61. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants overtime wages of not less than one and one-half times his regular hourly rate for each hour worked in excess of forty (40) hours in a workweek, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**(NYLL §§ 195(1) & (3) -Failure to Provide Wage Statements and Wage Notices Brought by Plaintiff of Behalf of Himself)**

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

63. Defendants have willfully failed to supply Plaintiff with the notices required by NYLL § 195(1) containing Plaintiff's rate or rates of pay and bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

64. Defendants have also willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

65. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants $250 for each work day that the violations § 195(3) occurred or a maximum of $5,000, as provided for by NYLL § 198(1)-d, and $50 dollars for each work day that the violations of § 195(1) occurred or a maximum of $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs prays for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designation of Plaintiff as Representative of the FLSA Collective Action Members;

(c) An award of damages, according to proof, to Plaintiff and the FLSA Collective Action Members including FLSA liquidated damages, and interest, to be paid by Defendants;

(d) An award of damages to Plaintiff for violations of the NYLL, including statutory NYLL liquidated damages;

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g) Pre-Judgment and post-judgment interest, as provided by law; and

(h) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and the FLSA Collective Action Members demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: May 25, 2017

Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

_____/s/ David Harrison_____
David Harrison, Esq.
Julie Salwen, Esq.
110 State Highway 35, Suite #10
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorneys for Plaintiff & the FLSA Collective Action Members*

# EXHIBIT "A"

  I am a current or former employee of PSAV, and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

  I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

*DocuSigned by:*
*[signature]*
962DEC0B544D404...

_____
Signature

Michael Pannunzio

_____
Full Legal Name (print)