USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _10_/_11_/_17_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL PANNUNZIO,

        Plaintiff,

        -against-

AUDIO VISUAL SERVICES GROUP, INC.,

        Defendant.

17-CV-03962 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

Before the Court is a proposed settlement in this wage and hour action. Plaintiff Michael Pannunzio, a former High Speed Internet Access Manager at Audio Visual Services Group, Inc. (Audio Visual), alleges that his former employer violated the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL) by misclassifying him, failing to pay him overtime wages, and failing to provide required wage statements and wage notices.

## BACKGROUND

On August 4, 2017, the parties notified the Honorable Gregory Woods, United States District Judge, that they had reached a settlement in this action. (Dkt. No. 19.) On August 7, 2017, plaintiff notified Judge Woods that he had voluntarily dismissed his claim against defendant PSAV Presentation Inc. without prejudice. (Dkt. No. 21.) On August 11, 2017, the remaining parties consented to my jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. No. 23.) On August 31, 2017, the parties submitted a joint letter requesting that the Court approve the settlement reached by Pannunzio and Audio Visual, accompanied by an executed copy of the proposed settlement agreement (Agreement) and plaintiff's counsel's billing records. (Dkt. No. 25.)

The Agreement requires defendant to pay $35,000 in full settlement of plaintiff's claims. Ag. ¶¶ 1, 3(a). Plaintiff will receive $11,500 as wages and $11,500 as liquidated damages. *Id.*

¶ 3(a). A third payment of $12,000 will be made to plaintiff's counsel for attorney's fees ($11,500) and costs ($500). *Id.* The Agreement includes a release by plaintiff of any FLSA and NYLL claims against defendant and its affiliates arising out of plaintiff's employment with defendant through the date of the Agreement. Ag. ¶ 1.

After careful consideration of the parties' submissions, the Court concludes that the terms of the Agreement are fair and reasonable.

## ANALYSIS

Settlements that dismiss FLSA claims with prejudice require approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016). Before a district court enters judgment in such a case, it must scrutinize the settlement to determine that it is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In making that determination, a court must consider the totality of circumstances, including, but not limited to the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (citing *Medley v. Am. Cancer Soc.*, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

## I.   NEGOTIATIONS AND FINANCIAL TERMS

Applying the *Wolinsky* factors, the Court is satisfied that the financial terms of the settlement are fair and reasonable. There is no evidence that the settlement was the result of collusion or fraud. The gross settlement amount of $35,000 is reasonable in light of plaintiff's litigation risks and the parties' estimates of defendant's potential liability should plaintiff prevail. *See* Joint Ltr. at 1 n. 2. The central issues in this case are said to be genuinely in dispute, including (a) whether the plaintiff was an exempt employee, (b) whether his salary was intended to compensate him only for the first 40 hours worked in each week or for all hours worked, including

2

and (c) the number of hours that plaintiff actually worked. In light of these uncertainties, the parties provided two different damage estimates – $20,800 and $62,000, respectively – with the larger estimate assuming that plaintiff's salary was intended to compensate him only for the first 40 hours of work in a work week. *Id.* The parties also noted that "neither side has proper records of all of the claimed off-the-clock time." *Id.* at 2. Settlement at this junction thus permits each party to avoid the risk of an adverse result, as well as the "anticipated burdens and expenses" of continued litigation. *Wolinsky*, 900 F. Supp. 2d at 335.

## II.   RELEASES

Plaintiff's release is limited to claims against defendant and its affiliates arising under the FLSA and the NYLL through the effective date of the Agreement. Ag. ¶ 1. This release, which was negotiated by competent counsel, appears fair and reasonable. *See Pligza v. Little Poland Rest. Inc.*, 2016 WL 9307474, at *6 (S.D.N.Y. July 18, 2016) (noting types of release provisions approved by judges in this District in wage and hour cases).

## III.   ATTORNEYS' FEES AND COSTS

Plaintiff's counsel seeks reimbursement for the $400 filing fee required to initiate this action and $115 for service of process. *See* Joint Ltr. at 2 n. 3. These types of costs are commonly reimbursed by courts in this District, and are reasonable. *See Hernandez v. JRPAC Inc.*, 2017 WL 66325, at *2 (S.D.N.Y. Jan. 6, 2017).

Finally, the attorneys' fee award appears to be reasonable in the context of this action. Counsel seeks $11,500, or one-third of the net settlement amount, as a fee. *See Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("barring unusual circumstances," a fee "in excess of one-third of the settlement amount disserves the FLSA's important interest in fairly compensating injured plaintiffs"). In support of the fee request, counsel asserts that plaintiff agreed to a contingency fee of one-third of the total settlement amount, and submitted a detailed timesheet showing that three individuals (with hourly rates ranging from $500

3

to \$150) worked a total of 27.90 hours on plaintiff's case, for a total bill of \$11,825. *See* Joint Ltr. Ex. B (time records).

This Court's practice, even in non-class cases, is to review counsel's billing records to ensure that a seemingly reasonable contingency agreement is not, in fact, unreasonable in light of any unusual circumstances or unique features of the case. *See, e.g.*, *Zhang*, 2015 WL 5122530, at \*2-4 (reviewing reasonableness of counsel's fees under both the lodestar and the percentage-of-recovery method); *Velasquez v. Safi-G, Inc.*, 137 F. Supp. 3d 582, 586 (S.D.N.Y. 2015) (rejecting one-third contingency fee as unreasonable where, among other things, little work was done prior to settlement and "nearly half" was done "after counsel had already been paid"). In this case, the billing records raise no such concerns.

## CONCLUSION

Having found that the Agreement is fair and reasonable, as required by *Cheeks*, 796 F.3d at 206, the Court approves the parties' settlement. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs. The Clerk of the Court is directed to close the case.

Dated: New York, New York
October \_\_, 2017

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**